**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LYNETTE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00225-JAR |
| | ) | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on several motions and other requests filed by self-represented Plaintiff Lynette Jackson, who brings this suit against Defendant Hartford Life and Accident Insurance Company for allegedly delaying and later denying her short- and long-term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) (ERISA). (Doc. 1, 13). Because Jackson is unable to afford the costs associated with this action, the Court will grant her motion to proceed *in forma pauperis*. However, for the reasons set forth below, the Court will ultimately dismiss the case without prejudice.

## BACKGROUND

According to the complaint, Plaintiff Jackson is a former employee of American Water and was a participant in its short- and long-term disability benefit plan administered by Defendant Hartford. Jackson claims to have become disabled in October 2019 as a result of "panic attacks, anxiety, PTSD symptoms, and migraine-related impairments." Jackson alleges that she was under "continuous psychiatric treatment" and consequently unable to perform the material duties of her occupation. Jackson sought and was approved for short-term disability (STD) benefits, which continued through October 2020. When her STD benefits expired,

Jackson applied for long-term disability (LTD) benefits. According to Jackson, Hartford denied them because "Plaintiff did not have LTD coverage based on employer representations." She alleges that Hartford failed to independently verify her eligibility for coverage or evaluate the medical evidence. Jackson seeks recovery of past-due LTD benefits, future benefits if applicable, interest, and any other relief available under ERISA. In a supplement, she also requests pre- and post-judgment interest and attorney fees and costs if applicable. (Doc. 13).

**Procedural Posture**

In her complaint and again in separate motions, Jackson asks the Court to appoint counsel and grant her leave to proceed without prepaying filing fees or costs. (Doc. 4, 5, 7). In other motions and requests, Jackson asks for expedited rulings due to financial hardship. (Doc. 8-12, 17-18, 20-23). She also inquires about magistrate jurisdiction and seeks to preserve the record after reassignment from Judge Pitlyk to the undersigned. (Doc. 16, 20). This is Jackson's third attempt at a sufficient complaint. *See Jackson v. Hartford Life & Accident Ins. Co.*, No. 4:24-cv-01366-JAR, 2025 WL 1905378 (E.D. Mo. July 9, 2025); *Jackson v. Hartford Fin. Services Grp., Inc.*, No. 4:25-cv-01329-JAR, 2026 WL 352912 (E.D. Mo. Feb. 9, 2026).[1]

In her motions to proceed without prepaying filing fees, Jackson states that she is unemployed and unable to work due to her disabilities. She receives food assistance benefits and has no assets. The Court finds that these motions should be granted. (Doc. 4, 7). The filing fee will be waived. As a result, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2).

---

[1] Jackson has filed several other related actions in this district as well, all ultimately resulting in dismissal. *See Jackson v. American Water Co.*, No. 4:20-cv-314 PLC (E.D. Mo. Apr. 20, 2020); *Jackson v. American Water*, No. 4:16-cv-1617 RLW, 2017 WL 1497907 (E.D. Mo. Apr. 24, 2017); *Jackson v. America Water Util.*, No. 4:24-cv-01352-HEA (E.D. Mo. Feb. 5, 2025); *Jackson v. Util. Workers of Am., Local 640*, No. 4:24-cv-01298 CDP (E.D. Mo. Oct. 25, 2024).

## LEGAL STANDARDS

Pursuant to § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).[2] When reviewing a complaint filed by pro se litigant under § 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). A "liberal construction" means that, if the essence of an allegation is discernible, the court construes the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, the plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is

---

[2] Throughout this order, quotations are cleaned up and internal citations are omitted.

a context-specific task that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

Under ERISA, a participant or beneficiary under a covered benefit plan may bring a civil action to recover benefits due under the terms of the plan, to enforce her rights under the plan, or to clarify her rights to future benefits. 29 U.S.C. 1132(a)(1)(B). *See also Dakota, Minnesota & Eastern R.R. Corp. v. Schieffer*, 648 F.3d 935, 936–37 (8th Cir. 2011) ("ERISA provides that a participant or beneficiary may sue in federal court to recover benefits due under an employee benefit plan."). "[W]hen someone makes a claim under an ERISA benefit plan, they have the burden to show their claim is covered." *Beard v. Lincoln Nat'l Life Ins. Co.*, 175 F.4th 943, 948 (8th Cir. 2026).

**Administrative Exhaustion**

"A participant's cause of action under ERISA . . . does not accrue until the plan issues a final denial." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013). A final denial involves the exhaustion of internal administrative remedies prescribed by the ERISA-covered plan. *McKennan v. Meadowvale Dairy Emp. Benefit Plan*, 973 F.3d 805, 808 (8th Cir. 2020). If a plaintiff does not exhaust administrative remedies pursuant to internal plan procedures, her claim for contractual benefits is barred. *Id.* Consequently, before Jackson can file an action to recover benefits under the terms of an ERISA-covered plan, she "must exhaust the administrative remedies required under [her] particular ERISA plan." *Yates v. Symetra Life Ins. Co.*, 60 F.4th 1109, 1112 (8th Cir. 2023).

The requirement for a plaintiff to exhaust her administrative remedies before filing a wrongful denial of benefits action is derived from 29 U.S.C. § 1133. *Brown v. J.B. Hunt Transp.*

*Servs. Inc.*, 586 F.3d 1079, 1084 (8th Cir. 2009). "[E]very employee plan" covered by ERISA "shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Yates*, 60 F.4th at 1113 (quoting 29 U.S.C. §1133(2)). Although the statute does not include an "express exhaustion requirement," *id.*, the Eight Circuit, like many sister circuits, "[has] . . . construed § 1133 to require exhaustion." *Brown*, 586 F.3d at 1084. The exhaustion requirement allows for plan administrators to correct errors, promote consistent handling of claims, and help lower the costs and time associated with claim resolution. *Angevine v. Anheuser-Busch Cos. Pension Plan*, 646 F.3d 1034, 1037 (8th Cir. 2011).

Therefore, the exhaustion requirement will bar a plaintiff's suit where a plan participant (1) has notice of the internal claims procedure made available to her in her written plan documents, even if the terms do not explicitly describe such procedures as mandatory or as a prerequisite to suit, *Wert v. Liberty Life Assurance Co. of Boston, Inc.*, 447 F.3d 1060, 1063 (8th Cir. 2006); or (2) "fails to pursue and exhaust administrative remedies that are clearly required under a plan." *McKennan*, 973 F.3d at 808.

Here, Jackson fails to plead facts suggesting that she exhausted her administrative remedies before filing this action. In her complaint, Jackson claims to have received STD coverage and benefits administered by Hartford through October 2020. She further alleges that, when her STD benefits ended, she applied for LTD benefits, but Hartford deemed her ineligible "based on employer representations." She claims that Hartford failed to independently verify her eligibility or evaluate the medical evidence. This is the entirety of her pleadings that could plausibly be construed to relate to administrative exhaustion. But Hartford's alleged wrongful denial of LTD benefits alone does not permit this Court to assume or infer that Jackson

exhausted Hartford's internal appeal procedures before filing a lawsuit. This alone defeats her claim. *McKennan.*, 973 F.3d at 808. *See, e.g., Goewert v. Hartford Life & Acc. Ins. Co.*, 442 F. Supp. 2d 724, 730–31 (E.D. Mo. 2006) (finding that plan participant failed to exhaust administrative remedies after he sent additional information but didn't formally appeal the denial).

Moreover, even assuming *arguendo* that Jackson did exhaust her administrative remedies with Hartford before filing this action, her complaint lacks sufficient factual pleadings to state a viable ERISA claim.

**Merits**

As stated above, ERISA authorizes a participant to file suit to recover benefits available under the terms of the plan, to enforce her rights under the plan, or to clarify her rights to future benefit under the terms of the plan. 29 U.S.C. 1132(a)(1)(B). A claim for benefits under ERISA "stands or falls by the 'terms of the plan'." *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 300 (2009) (quoting 29 U.S.C. § 1132(a)(1)(B)). Therefore, to state an ERISA claim under § 1132(a)(1)(B), a plaintiff must "allege ***facts that establish the existence of an ERISA plan*** as well as the ***provisions of the plan that entitle [her] to benefits***." *Kisting-Leung v. Cigna Corp.*, 780 F. Supp. 3d 985, 1003 (E.D. Cal. 2025) (emphasis added). To show that a plan is within the scope of ERISA, "a reasonable person must be able to 'ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits.'" *Nw. Airlines, Inc. v. Fed. Ins. Co.*, 32 F.3d 349, 354 (8th Cir. 1994).

In a prior case, this Court dismissed Jackson's ERISA claim because she failed to specify the nature of her disability. *Jackson v. Hartford Fin. Servs. Grp., Inc.*, No. 4:25-CV-01329-JAR, 2026 WL 352912, at *2 (E.D. Mo. Feb. 9, 2026). This time, Jackson sufficiently describes her

claimed disabilities (i.e., anxiety, panic attacks, PTSD, and migraines), but the complaint is still deficient in other respects. Although Jackson invokes ERISA and pleads that she was a participant of her employer-sponsored disability plan administered by Hartford, she requires the Court to simply assume that the plan in question exists, that said plan is governed by ERISA, and that the terms of the plan entitle her to LTD benefits for her specific conditions. “We do not expect a court to know about materials that are not presented or readily available to it.” *Stone*, 364 F.3d at 914. Even construing the pleadings liberally to infer that an ERISA plan indeed exists (based on Jackson’s receipt of STD benefits), Jackson’s conclusory assertion that Hartford wrongly denied LTD benefits, without factual pleadings identifying specific terms that entitle her to LTD benefits under the plan for her conditions, is insufficient to state a claim under ERISA. *Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard requires “more than a sheer possibility that a defendant has acted unlawfully”). The Eighth Circuit has explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson’s claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

*Stone*, 364 F.3d at 915. Such is the case here. Jackson has not pleaded facts identifying or even describing the particular provisions or terms of an identified plan that entitle her to benefits under ERISA for her specific medical conditions. The Court therefore finds that Jackson has failed to allege facts stating a claim under 28 U.S.C. § 1132(a)(1)(B). *See, e.g., New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125 (2d Cir. 2015) (affirming dismissal where a complaint failed to identify the terms of an ERISA-covered plan or allege facts sufficient to plausibly establish the defendant’s liability).

**Motion to Appoint Counsel**

Finally, Jackson asks the Court to appoint counsel due to her inability to afford private counsel, her mental health conditions, and the complexity of her claim. (Doc. 5).

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court is not persuaded that the appointment of counsel is warranted. The factual and legal issues in this case – i.e., (1) whether Jackson exhausted Hartford's appeal procedures and (2) whether Jackson's medical conditions qualified for LTD benefits under the specific terms of an identified ERISA plan – are not complex. Jackson has had numerous past opportunities to cure the deficiencies in her pleadings and has been unable to provide sufficient factual particulars to state a claim. The Court does not believe that an appointment would serve any beneficial purpose here.

## CONCLUSION

For the foregoing reasons, the Court grants Jackson's motion to proceed *in forma pauperis*, denies her motion for appointment of counsel, and dismisses this action for failure to plead sufficient facts stating a viable ERISA claim under 29 U.S.C. 1132(a)(1)(B) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to proceed without prepaying fees or costs are **GRANTED**. (Doc. 4, 7)

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**. (Doc. 5).

**IT IS FURTHER ORDERED** that Plaintiff's motions and requests for ruling are **GRANTED**. (Doc. 8-12, 17-18, 20-23).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's motion seeking prejudgment interest is **DENIED as moot**. (Doc. 13).

Dated this 12th day of November, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE